

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 15227020
Date Processed: 06/03/2016

| | |
|---|---|
| Primary Contact: | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
| Entity: | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
| Entity Served: | Safeco Insurance Co. of America |
| Title of Action: | Joann Ortiz vs. Safeco Insurance Company of America |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Santa Fe County District Court, New Mexico |
| Case/Reference No: | D-101-CV-2016-01303 |
| Jurisdiction Served: | New Mexico |
| Date Served on CSC: | 06/03/2016 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | NM Superintendent of Insurance on 06/01/2016 |
| How Served: | Certified Mail |
| Sender Information: | Brian G. Grayson<br>505-273-8570 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



EXHIBIT B

# STATE OF NEW MEXICO
## OFFICE OF SUPERINTENDENT OF INSURANCE

Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INSURANCE**
John G. Franchini – (505) 827-4299

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

**Service of Process**
Room 434
(505) 827-1291

June 1, 2016

Safeco Insurance Co. of America
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM 87501

Re: Joann Ortiz Vs Safeco Insurance Company of America,
D101CV2016-01303

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons for Complaint, Complaint for UIM Benefits, Violations of the Unfair Insurance Practices Act, Insurance Bad Faith, and Punitive Damages, and Plaintiff Joann Ortiz' First Set of Interrogatories, First Requests for Production of Documents, and First Requests for Admission to Defendant Safeco Insurance Company of America, to Defendant Safeco Insurance Company of America in the State of New Mexico on the above styled cause. Service has been accepted on your behalf as of June 1, 2016.

Respectfully,

*John D. Franchini*

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL 7010 0290 0002 3837 5922

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/26/2016 2:28:19 PM
STEPHEN T. PACHECO
Ginger Sloan

| SUMMONS FOR COMPLAINT ||
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address: P.O. Box 2268<br>225 Montezuma Ave.<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number: D-101-CV-2016-01303<br><br>Assigned Judge: Raymond Z. Ortiz |
| Plaintiff(s): JOANN ORTIZ<br>v.<br>Defendant(s):  SAFECO  INSURANCE COMPANY OF AMERICA. | Defendant -<br>Name:  SAFECO  INSURANCE COMPANY OF AMERICA.<br>Address: c/o Office of New Mexico Superintendent of Insurance<br>P.O. Box 1689<br>Santa Fe, NM 87504 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than **thirty (30)** days from the date you are served with this Summons, as well as the First Set of Interrogatories, First Requests for Admissions, and First Set of Request for Production within **forty-five(45)** days. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court=s address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at __Santa Fe_____, New Mexico, this __26th__ day of __May_____, 20__16__.

Stephen T. Pacheco
CLERK OF DISTRICT COURT

By /s/ Ginger Sloan
    Deputy

_/s/ Brian G. Grayson_____
Signature of Attorney for Plaintiff
Name: Brian G. Grayson
Address: GRAYSON LAW OFFICE, LLC
4700 Lincoln Rd. NE, Suite 107
Telephone No.:(505) 273-8570
Fax No.: (505) 214-5007
Email Address: brian@graysonlawoffice.net

RECEIVED
JUN 01 2016
Office of Superintendent
of Insurance

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                    )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____ , (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/25/2016 9:55:33 PM
STEPHEN T. PACHECO
Maureen Naranjo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

JOANN ORTIZ,

      Plaintiff,

vs.                                    No: _____ D-101-CV-2016-01303

                                          Case assigned to Ortiz, Raymond Z.

SAFECO INSURANCE COMPANY OF AMERICA,

      Defendant.

## COMPLAINT FOR UIM BENEFITS, VIOLATIONS OF THE UNFAIR INSURANCE PRACTICES ACT, INSURANCE BAD FAITH, AND PUNITIVE DAMAGES

COMES NOW, Plaintiff Joann Ortiz (hereafter "Plaintiff"), by and through her attorneys, GRAYSON LAW OFFICE, LLC (Brian G. Grayson, Esq.) and Mary Anne D'Arcangelis, Esq., and for her Complaint for UIM Benefits, Violations of the Unfair Insurance Practices Act, Insurance Bad Faith, and Punitive Damages against Defendant Safeco Insurance Company of America, states as follows:

### PARTIES AND JURISDICTION

1.     Plaintiff Joann Ortiz is a resident of Santa Fe County, New Mexico.

2.     Upon information and belief, Defendant Safeco Insurance Company of America ("Safeco"), is a foreign insurer authorized to do business in the State of New Mexico.

3.     Jurisdiction is proper as Plaintiffs' cause of action is based on the uninsured motorist's operation of a motor vehicle upon the highways of this state.

4. Venue is proper as all acts complained of occurred in Santa Fe County, New Mexico.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates the allegations contained in Paragraphs 1 through 4 as if fully set out herein.

6. On or about January 7, 2013, Plaintiff Joann Ortiz driving her vehicle in Santa Fe, New Mexico and was making a turn at the intersection of St. Michael's Drive and Pacheco Street when she was hit by a vehicle being driven by an uninsured driver.

7. Plaintiff was ejected from the vehicle.

8. After the accident, the uninsured driver went over to Plaintiff, who was laying in the middle of the roadway, and instead of offering assistance, yelled at her, and walked away from the scene of the accident.

9. An independent witness, Dr. Alston Lundgren, saw the uninsured driver travelling at a high rate of speed and crossing over all three lanes of St. Michael's Drive, just before the accident.

10. Upon information and belief, Defendant Safeco's own accident reconstructionist determined that the uninsured driver was travelling 49 MPH in a 40 MPH zone.

11. The uninsured driver was cited by the investigating police officer for improper driving.

12. As a result of the accident, Plaintiff suffered bodily injuries that required medical treatment and caused Plaintiff to incur economic and non-economic losses.

13. At all times relevant, Plaintiff was a Class I insured on the applicable Safeco insurance policy.

14. Plaintiff made a UIM claim with Defendant Safeco. However, Defendant Safeco ignored the severity of the injuries suffered by the Plaintiff, ignored the findings of the police investigation, ignored and misconstrued eyewitness testimony, and ignored the findings of its own investigation.

15. Safeco's settlement offers were less than the amount of the medical bills Plaintiff incurred as a result of the accident.

16. Since the accident, Safeco has preferred its own interests over that of its insured.

### COUNT I – UIM BENEFITS

17. Plaintiff incorporates the allegations contained in Paragraphs 1 through 16 as if fully set out herein.

18. Upon information and belief, the tortfeasor was an uninsured motorist at the time of the accident.

19. The uninsured driver failed to exercise ordinary care for the safety of the Plaintiff and thus was negligent.

20. The uninsured driver's negligence is a proximate cause of Plaintiff's injuries and damages.

21. The uninsured driver's negligence *per se* is a proximate cause of Plaintiff's injuries and damages.

22. The uninsured driver's intentional, reckless, and/or wanton conduct is a proximate cause of Plaintiff's injuries and damages.

23. As a result of the foregoing, the uninsured driver is legally obligated to pay all damages incurred by the Plaintiff as a result of the accident.

24. As a result of the foregoing, Defendant Safeco is obligated to pay UIM benefits to Plaintiff.

25. Plaintiff is entitled to recover the following damages: medical bills, pain and suffering, nature, duration, and extent of injuries, hedonic damages, and punitive damages, all to be proven at trial.

### COUNT II – VIOLATIONS OF THE UNFAIR INSURANCE PRACTICES ACT, INSURANCE BAD FAITH, AND PUNITIVE DAMAGES

26. Plaintiff incorporates the allegations contained in Paragraphs 1 through 25 as if fully set out herein.

27. Defendant Safeco has, in violation of NMSA § 59A-16-20(A), misrepresented to its insureds pertinent facts relating to coverages at issue.

28. Defendant Safeco has, in violation of NMSA § 59A-16-20(C), failed to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies

29. Defendant Safeco has made unreasonable settlement offers that failed and refused to take into account all of the claims available to the Plaintiff and their value, in violation of NMSA § 59A-16-20(E), which defines an unfair insurance practice as "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear."

30. Defendant Safeco has, in violation of NMSA § 59A-16-20(G), compelled Plaintiff to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such

insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered.

31. Defendant Safeco has, in violation of NMSA § 59A-16-20(N), by failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

32. Defendant Safeco's actions were in bad faith, malicious, willful, reckless and/or wanton, entitling Plaintiff to an award of punitive damages.

33. Defendant Safeco has acted unreasonably in failing to pay the Plaintiff's claim and as a result, Plaintiff is entitled to recover attorney's fees and costs of this litigation pursuant to NMSA § 39-2-1.

WHEREFORE, Plaintiff Joann Ortiz prays for judgment against Defendant Safeco for compensatory damages, actual damages, punitive damages, attorneys' fees and costs, pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

GRAYSON LAW OFFICE, LLC

By *s/ Brian G. Grayson*
    Brian G. Grayson
    4700 Lincoln Rd. Suite 107
    Albuquerque, NM 87109
    (505) 273-8570
    (505) 214-5007 (fax)
    *Attorney for Plaintiff*

and

        Mary Anne D'Arcangelis  
        620 Roma Ave NW  
        Albuquerque, NM 87102  
        (505) 243-1223  
        (505) 246-2668 (fax)  
        *Attorney for Plaintiff*